UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUAN NGUYEN,

    Petitioner,

    v.

G. D. LEWIS, warden,

    Respondent.
                                     /

No. C 13-4796 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

    Huan Nguyen, a prisoner incarcerated at Pelican Bay State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

    Following an incident at Kern Valley State Prison on July 7, 2009, a CDC-115 rule violation report was issued charging Nguyen with attempted murder. A disciplinary hearing was held on August 16, 2009; Nguyen was found guilty of the offense and was disciplined. The discipline imposed included a loss of 360 days of time credits and a 25-month term in the security housing unit. Nguyen filed unsuccessful state court habeas petitions to challenge the decision. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The decision also must be supported by some evidence. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Nguyen asserts two claims in his petition. First, he claims that the "investigative employee . . . neglected to give defendant all required copies of documents within specified time limits, before or after 115 disciplinary hearing, and deprived petitioners (sic) right to challenge the findings." Docket # 1 at 10. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). *Wolff* does not require that an inmate receive all of the documentation regarding the disciplinary charge. *Wolff* only requires that he receive "written notice of the charges." *Wolff*, 418 U.S. at 564. Nguyen does not dispute that he received a notice of the charges against him, and the

documents he submitted indicate that he did receive that notice. *See* Docket # 1 at 129 (CDC-115 provided to inmate on July 20, 2009). In short, Nguyen had no federally-protected right to receive all the documentation, and he did receive the written notice of the charges to which he was entitled. The first claim is dismissed without leave to amend because it does not state a claim upon which federal habeas relief may be granted.

Second, Nguyen claims that the evidence was insufficient to support the disciplinary decision. Liberally construed, the challenge to the sufficiency of the evidence is cognizable as a claim for a violation of his rights under the Due Process Clause of the U.S. Constitution. *See Superintendent v. Hill*, 472 U.S. at 454.

**CONCLUSION**

For the foregoing reasons,

1.  The petition's federal due process claim that there was not sufficient evidence to support the decision warrants a response. The claim that he did not receive all documentation is dismissed.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **April 4, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the disciplinary hearing record that are relevant to a determination of the issues presented by the petition. **If respondent wants to argue that the claim is not exhausted or is procedurally barred, he must in the same filing address the merits of the insufficient evidence claim.**

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **May 2, 2014**.

5.  Petitioner is responsible for prosecuting this case. He must keep the court

3

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's *in forma pauperis* application is DISMISSED as unnecessary because he paid the filing fee. (Docket # 8.)

IT IS SO ORDERED.

DATED: January 31, 2014

SUSAN ILLSTON
United States District Judge