United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAN NGUYEN, | No. C 13-4796 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| G. D. LEWIS, warden, | |
| Respondent. | |

## INTRODUCTION

Huan Nguyen, a *pro se* prisoner, has filed a petition for writ of habeas corpus challenging a 2009 disciplinary decision. Now before the court for consideration is respondent's motion to dismiss the petition as untimely and for failure to state a federal claim for relief. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following an incident at Kern Valley State Prison on July 7, 2009, a CDC-115 rule violation report was issued charging Nguyen with attempted murder. A disciplinary hearing was held on August 16, 2009, at which Nguyen was found guilty of the offense and was disciplined. The discipline imposed included a loss of 360 days of time credits and a 25-month term in the security housing unit. A copy of the disciplinary decision was provided to Nguyen on October 20, 2009.

Nguyen attempted to appeal the disciplinary decision. He submitted an administrative appeal on October 22, 2009, which was screened out on October 27, 2009 because necessary supporting documents were not attached. *See* Docket # 1 at 32. Nguyen failed to submit the required documents, and his administrative appeal was cancelled on November 25, 2009.[1] The cancellation of an appeal is generally the end of the line for that appeal, although the inmate may file a separate inmate appeal to challenge the procedural reason for the cancellation of the appeal. *See* Cal. Code Regs. tit. 15, § 3084.6(e). After his inmate appeals of the disciplinary decision were cancelled, Nguyen attempted numerous times over the next couple of years to pursue an inmate appeal challenging the cancellation decisions and the screening out of other

---

[1]Nguyen's habeas petition and exhibits thereto are assembled in such a way as to suggest that his inmate appeal was screened out on November 3, 2009 or November 25, 2009. He describes his Exhibit A as his "original appeal, first attempt on 10/22/09," Exhibit B as his "second attempted appeal on 11/9/09," and Exhibit C as an "appeal on the cancellation of original appeal submitted on 12/2/09." Docket # 1 at 2. Each of those three exhibits has several documents in it.

Nguyen's Exhibit A has an October 22, 2009 inmate appeal, and an October 27, 2009 letter returning the appeal documents to him as incomplete, with a direction that he must include "complete 837-A, B, C and 7219's. Failure to submit the documents requested will be view (sic) as non-cooperation and can result in cancellation of your appeal." *Id*. at 32. (A CDC-837 is an incident report, and a CDC-7219 is a report of injury. *See id.*) Exhibit A also has a November 3, 2009 letter cancelling the appeal due to non-cooperation.

Nguyen's Exhibit B has a November 9, 2009 inmate appeal complaining about the disciplinary decision and a November 25, 2009 letter stating that the inmate appeal documents were being returned to him as incomplete, with directions that he needed to provide a "final copy of 115 & 115-A, 837 A, B, C & 7219's." Docket # 1 at 38.

Nguyen's Exhibit C has a December 2, 2009 inmate appeal challenging the cancellation of an earlier appeal – although one cannot determine whether it is an appeal of the cancellation of the appeal from Exhibit A or Exhibit B. Exhibit C also has a December 7, 2009 letter screening out the appeal and returning it to Nguyen because it was a duplicate of a previous appeal.

The court cannot be certain whether November 3 or November 25, 2009 is the right date for the statute of limitations analysis because prison officials do not assign numbers to inmate appeals that are screened out. The reader is left to assume that Nguyen has matched the appropriate letters from prison officials with the submissions from him to which those letters responded. That's a questionable assumption, given that the documents' content sometimes suggests otherwise. For example, in Exhibit A, the October 27 screening letter gave him fifteen days to submit the documents, but the November 3 cancellation letter for "non-cooperation" is dated a mere seven days later, without an indication what that non-cooperation was. Also, in Exhibit C, the December 2, 2009 inmate appeal challenged the cancellation of an earlier appeal (*see* Docket 1 at 44 (first sentence states, "I received notice that my appeal was cancelled for non-cooperation...")), but the December 7 letter cancels an appeal as duplicative.

inmate appeals as duplicative. He eventually received at least two dozen adverse decisions, the last of which occurred on April 17, 2012.[2]

Nguyen filed several state habeas petitions. His first state habeas petition was signed on July 6, 2012, and filed in the Del Norte County Superior Court on July 12, 2012. Resp. Ex. 2. The Del Norte court rejected the habeas petition as procedurally barred and untimely, explaining that Nguyen had failed to exhaust administrative remedies in 2009, and that, if "he believed that the appeal was wrongfully rejected[,] he could have pursued the habeas corpus petition at that time but waited almost three years to do so.") He then filed a habeas petition in the California Court of Appeal; the petition in *In re Huan Nguyen on Habeas Corpus*, Cal. Ct. App. No. A136868, was filed on October 22, 2012, and denied on November 7, 2012. Nguyen's last state habeas petition was denied by the California Supreme Court on April 10, 2013, with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998), and *In re Dexter*, 25 Cal. 3d 921, 925-26

---

[2] He received adverse decisions on February 23, 2010 (first level screen-out at Nguyen's new prison because appeal didn't concern that prison), *id.* at 50; April 9, 2010 (third level screen-out because appeal had not been completed through the second level), *see* Docket # 1 at 47; July 22, 2010 (informal level screen-out because it did not concern the new prison at which Nguyen was then housed), *id.* at 71; August 5, 2010 (informal level screen-out because it did not concern the new prison at which Nguyen was then housed), *id.* at 70; August 23, 2010 (informal level screen-out because appeal was untimely), *id.* at 69; September 22, 2010 (informal level screen-out with directions to contact current prison and request copies of documents), *id.* at 66; October 11, 2010 (informal level screen-out because appeal was untimely), *id.* at 79; November 1, 2010 (informal level screen-out because the appeal was incomplete), *id.* at 64; November 4, 2010 (informal level screen-out because appeal was untimely), *id.* at 77; December 9, 2010 (informal level screen-out because supporting documents were not attached, the appeal was untimely, and the appeal had previously been rejected due to time constraints), *id.* at 60; December 24, 2010 (informal level screen-out because the appeal was untimely), *id.* at 59; January 10, 2011 (informal level screen-out as untimely), *id.* at 75; March 2, 2011 (first level screen-out because the appeal was previously rejected due to time constraints, as the final copy of the rule violation report was issued on October 20, 2009), *id.* at 57; March 29, 2011 (first level screen-out because his appeal of a cancellation of a November 3, 2009 cancellation was untimely), *id.* at 55; April 11, 2011 (first level screen-out because Kern Valley no longer had his central file), *id.* at 95; May 11, 2011 (first level cancellation because he had failed to correct and return a rejected appeal within thirty days of the rejection), *id.* at 53; May 27, 2011 (second level appeal granting request for documents), *id.* at 87; June 20, 2011 (first level screen-out for failure to attach documents), *id.* at 107; June 24, 2011 (first level screen-out for failure to attach documents), *id.* at 123; July 29, 2011 (third level cancellation because appeal issue had been resolved at a previous level and because it changed the issue being appealed), *id.* at 84; August 4, 2011 (first level screen-out for untimeliness), *id.* at 99; August 18, 2011 (second level denial of appeal of cancellation of July 7, 2010 appeal), *id.* at 119; September 29, 2011 (third level cancellation because the appeal issue had been resolved at a previous level), *id.* at 83; October 25, 2011 (first level cancellation due to untimeliness), *id.* at 97; April 17, 2012 (third level denial of appeal of cancellation of July 7, 2010 appeal), *id.* at 117.

3

(1979). *In re Robbins* states that a petitioner bears the burden of showing that his petition is timely. *In re Dexter* stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted available administrative remedies." 25 Cal. 3d at 925.

Nguyen then filed his federal petition. The petition has a proof of service showing that he mailed it to the U.S. District Court for the Eastern District of California on September 10, 2013. The petition was stamped "filed" in the Eastern District on September 16, 2013, and later transferred to the Northern District, where it was stamped filed on October 16, 2013.

Due to Nguyen's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, the federal petition is deemed filed as of September 10, 2013, the day the proof of service shows it was mailed to a federal court.

**DISCUSSION**

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to any habeas petition filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as disciplinary decisions, i.e., the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The one-year limitations period begins on the date the administrative decision becomes final. *See Shelby*, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *see also Redd v. McGrath*, 343 F.3d 1077, 1079 (9th

4

1 Cir. 2003) (limitations period began when parole board denied prisoner's administrative appeal
2 challenging the board's decision that he was unsuitable for parole).  The "factual predicate" of
3 the habeas claims is the finality of the adverse administrative decision and not the denial of the
4 state habeas petition. *See Redd*, 343 F.3d at 1082.

5 The disciplinary decision became final no later than November 25, 2009, when Nguyen's
6 inmate appeal of the disciplinary decision was cancelled.  On that date, the factual predicate of
7 his claims existed and could have been discovered through the exercise of reasonable diligence.
8 That is, as of November 25, 2009, he had received a disciplinary decision that allegedly violated
9 his constitutional rights and had received a final rejection of his inmate appeal.  The one-year
10 limitations period started the next day.  The presumptive deadline for Nguyen to file his federal
11 habeas petition therefore was November 25, 2010.

12 Nguyen argues that his inmate appeal was improperly cancelled in November 2009
13 because prison officials' initial rejection of the appeal for failing to attach documents was too
14 vague and ambiguous for him to know what they wanted.  He urges that the screen-out letter that
15 told him he had not submitted the required documents and described "the required documents
16 as '...all documents you received....' . . . was not exact, but quite broad and vague in what was
17 required of petitioner to submit." Docket # 14 at 1.  He misdescribes the contents of the screen-
18 out letter, however, as he fails to note that the general command to attach "all documents" was
19 narrowed in the next paragraph by a directive that he needed to include the complete CDC-837
20 (i.e., the incident report) and CDC-7219s (i.e., reports of injuries).  *See* Docket # 1 at 32.  The
21 screen-out letter was not intolerably vague and would not have left a reasonable prisoner
22 guessing as to what prison officials wanted.  Nor were these documents insignificant to the
23 inmate appeal: the 42-page CDC-837 and the 12 pages of CDC-7219s had detailed information
24 about the group attack and stabbings that prompted the disciplinary charge against Nguyen.
25 *See* Docket # 1 at 138-193.

26 Nguyen's numerous efforts to file inmate appeals over the next few years after his inmate
27 appeal of the disciplinary decision was cancelled on November 25, 2009 did not extend the

5

starting date for the limitations period under § 2244(d).  Once the inmate appeal was cancelled, the factual predicate of his claims existed and he was on notice of it.  Nguyen filed dozens of inmate appeals after the first appeal was cancelled, *see* footnote 2, *supra*, and probably could continue to file inmate appeals as long as he remains in prison, but the starting date of the limitations period cannot be endlessly delayed by an energetic inmate who repeatedly and continuously files inmate appeals after being on notice of the factual predicate of his claims.

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Nguyen receives no statutory tolling for the pendency of his state habeas petitions because the one-year limitations period already had expired on November 25, 2010, more than nineteen months before he filed his first state habeas petition on July 6, 2012.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that (1) he pursued his rights with reasonable diligence and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Nguyen has not shown that he is entitled to any equitable tolling.  He is not entitled to any equitable tolling for the time during which he continued to pursue inmate appeals after his inmate appeal of the disciplinary decision was cancelled on November 25, 2009 because his choice to pursue the other appeals was not an extraordinary circumstance that prevented him from timely filing his habeas petition. *Cf. Malcom v. Payne*, 281 F.3d 951, 963 (9th Cir. 2002) (prisoner's "understandable" choice to postpone seeking federal habeas relief while pursuing state clemency proceedings was not beyond her control and therefore did not warrant equitable tolling).

Nguyen did not file his federal petition until almost three years after the statute of limitations deadline had passed.  The petition is barred by the habeas statute of limitations.

6

There is an alternative route to finding that the federal petition is untimely: Assuming arguendo that Nguyen's limitations period did not start until he finished all his efforts to pursue his administrative remedies on April 17, 2012, *see* footnote 2, *supra*, he would receive no tolling for the pendency of two of his state habeas petitions since they were rejected as untimely, and he did not file his federal petition until September 10, 2013, more than four months after his limitations period would have expired. This alternative analysis works thusly: Nguyen received his last decision on an inmate appeal on April 17, 2012, when inmate appeal of the cancellation of a July 7, 2010 appeal was denied at the third level. If his one-year limitations period started that day, he had until April 17, 2013 to file his federal habeas petition. He receives no statutory tolling for the state habeas petitions filed in the Del Norte County Superior Court and the California Supreme Court because they both were rejected as untimely, and therefore were not "properly filed," as is required for tolling under § 2244(d)(2). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). In *Pace*, the Supreme Court held that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." *Id.* at 417; *see, e.g., Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to the page in *Robbins* that discusses timeliness determinations was a clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). Nguyen would receive tolling for only the 17 days the habeas petition was pending in the California Court of Appeal because that petition was not rejected as untimely. The limitations period that would have started on April 17, 2012 and would have been tolled for 17 days under this alternative analysis would have expired on May 4, 2013, more than four months before Nguyen filed his federal petition on September 10, 2013.

Having determined that the petition is untimely, the court does not reach respondent's argument that the petition failed to state a federal claim and does not reach petitioner's request to amend the petition to add a new federal claim.

7

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 13.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: October 17, 2014

SUSAN ILLSTON
United States District Judge